**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 3, 2020

Rajohn Wilson
Register No. 66796-050
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954
*Pro Se*

Mary E. Toscano, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Wilson*
**Criminal Action No. 13-787-4 (SDW)**

Litigants:

Before this Court is Defendant Rajohn Wilson's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 138.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

### DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to

> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On December 13, 2016, Defendant pleaded guilty to racketeering conspiracy, consisting of (1) murder conspiracy and attempted murder of two victims and (2) conspiracy to distribute one kilogram or more of heroin. (D.E. 71; *see* D.E. 73 at 2.) On July 24, 2017, this Court sentenced Defendant to a term of imprisonment of 144 months. (D.E. 96.) Defendant is currently serving his sentence at Federal Correctional Institution Schuylkill ("FCI Schuylkill") in Pennsylvania. (D.E. 139 at 3.) On October 13, 2020, Defendant filed the instant motion requesting compassionate release due to the "COVID-19 pandemic and its dangerous effects on prisoners" like him. (D.E. 138 at 1.) Defendant also requested that this Court appoint counsel to "represent him with filing a compassionate release motion." (*Id.* at 2.)[2] The Government opposed on November 3, 2020, (D.E. 139), and Defendant did not file a reply.

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[2] The Office of the Federal Public Defender for the District of New Jersey reviewed Defendant's *pro se* request, in accordance with Standing Order 2020-08, and opted not to file an appearance because he did not fall within the class of people that the CDC considers the most vulnerable to COVID-19. (D.E. 139 at 14.) Although there is no general constitutional right to appointed counsel in post-conviction proceedings, a court has discretion to appoint counsel under 18 U.S.C. § 3006A(a)(2). *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citation omitted); *Williams v. New Jersey*, Civ. No. 05-1344, 2006 WL 2772543, at *4 (D.N.J. Sept. 25, 2006). In deciding whether to appoint counsel, the court "must decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims." *Id.* (citation omitted). Here, Defendant has successfully exhausted his administrative remedies and filed a compassionate

According to Federal Bureau of Prisons ("BOP") records, Defendant applied to the warden of FCI Schuylkill for compassionate release on April 10, 2020, citing his "heightened risk for death due to the COVID-19 outbreak." (D.E. 139-1 at 2 (some capitalization omitted).) The BOP denied Defendant's application on April 16, 2020, stating that Defendant's "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from [his] sentence." (*Id.* at 1.) As more than thirty days have passed since the warden received Defendant's request, this Court may consider Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A).

C.

Defendant contends that his high blood pressure makes him more vulnerable to becoming seriously ill should he contract COVID-19. (D.E. 138 at 1.) According to the Centers for Disease Control and Prevention (CDC), people with hypertension or high blood pressure "might be at an increased risk for severe illness from the virus that causes COVID-19." CDC, *People with Certain Medical Conditions* (last updated Dec. 1, 2020), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.

This Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19, but it will not grant his application because he has not established that "compelling and extraordinary reasons" justify his release. *See Epstein*, 2020 WL 1808616, at *2. Defendant is only 29 years old and his hypertension is being treated with medication as needed. (*See* D.E. 139 at 2, 20; D.E. 139-2.) Furthermore, multiple courts in this District have denied compassionate release to inmates suffering from hypertension, despite the risk of COVID-19. *See, e.g.*, *United States v. Wax*, Crim. No. 14-251, 2020 WL 3468219, at *3 (D.N.J. June 25, 2020) (denying defendant's motion for compassionate release for lack of an extraordinary and compelling reason, even though he suffered from hypertension and obesity, because he was receiving "regular and consistent medical care"); *United States v. Falci*, Crim. No. 17-228, 2020 WL 3410914, at *1, *4 (D.N.J. June 22, 2020) (denying motion for compassionate release where defendant was 60 years old and suffered from obesity, hypertension, and other health issues); *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity but medical records showed that BOP was "adequately managing [his] medical care").[3]

Even if this Court were to find that Defendant's health condition constituted an extraordinary and compelling reason for release, it would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. *See United States v. Terry*, Crim. No. 16-210, 2020 WL 3264086 (D.N.J. June 17, 2020) (denying

---

release motion with this Court. In his motion, Defendant adequately sets forth his bases for release, largely emphasizing his underlying medical condition and the alleged inability of FCI Schuylkill to keep him safe. The factual and legal issues of this case are not complex, and Defendant has demonstrated his capacity to adequately investigate the facts of the matter and present his claim. This Court will therefore deny his request for the appointment of counsel.

[3] This Court has also reviewed the safety protocols and procedures instituted by the BOP, the number of COVID-19 cases at FCI Schuylkill, and the number of COVID-19 cases and deaths in Essex County, where Defendant resided prior to his incarceration. (*See* D.E. 139 at 4–10, 26, 27.) This Court concludes that Defendant's risk of serious illness or death is not substantially higher (and may even be lower) because he is in custody at FCI Schuylkill.

motion for compassionate release despite defendant's diabetes and hypertension, in part because certain § 3353(a) factors weighed against release); *United States v. Durante*, Crim. No. 11-277, 2020 WL 2520280 (D.N.J. May 18, 2020) (denying allegedly hypertensive 66-year-old defendant's motion for compassionate release in part because of the seriousness of his offense and because the current sentence was already a substantial downward variance from the guidelines range). Defendant's current 144-month sentence is substantially below the Sentencing Guidelines range of 360 months to life imprisonment for his offense. (D.E. 139 at 26.) If this Court releases Defendant now, he will have served approximately 91 months in prison for racketeering acts that included heroin distribution and two attempted murders, including one shooting that occurred in front of a school at about 12:20 P.M. and put the victim in a medically-induced coma. (*See id.* at 3, 23, 24.) Such a sentence would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." *See* 18 U.S.C. §§ 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing").

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**. An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties