<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |
|---|---|

July 29, 2022

Rajohn Wilson
Register No. 66796-050
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954
*Pro Se Defendant*

Barry O'Connell, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

    **Re:**    *United States v. Rajohn Wilson*, **Crim. No. 13-787-4 (SDW)**

Litigants:

    Before this Court is Defendant Rajohn Wilson's ("Defendant") renewed Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 179.) The Government opposed Defendant's motion on May 12, 2022. (D.E. 181.) On May 24, 2022, Defendant filed a "Motion for Leave to Submit a Traverse to the Government's Opposition," which this Court construes as a reply brief. (D.E. 182.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**<u>DISCUSSION</u>**

A.

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

(A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On December 13, 2016, Defendant pleaded guilty to racketeering conspiracy, consisting of (1) murder conspiracy and attempted murder of two victims and (2) conspiracy to distribute one kilogram or more of heroin. (D.E. 71; *see* D.E. 73 at 2.) On July 24, 2017, this Court sentenced Defendant to a term of imprisonment of 144 months. (D.E. 96.) Defendant is currently serving his sentence at Federal Correctional Institution Schuylkill ("FCI Schuylkill") in Pennsylvania. (*See* D.E. 179 at 1; D.E. 181 at 4.) Following a request with the BOP, Defendant filed a motion for compassionate release in this Court, on October 13, 2020, due to the COVID-19 pandemic and its risk to hypertensive prisoners like him. (*See* D.E. 138 at 1; D.E. 139-1.) On December 3, 2020, this Court denied Defendant's motion because "compelling and extraordinary reasons" did not

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). "[T]he policy statement is not binding on prisoner-initiated motions," but its "descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive.'" *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (quoting *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

justify his release. (D.E. 141 at 3.) Defendant, then 29 years old, was being medically treated for hypertension, and the applicable sentencing factors under 18 U.S.C. § 3553(a) weighed against his release. (*Id*. at 3.)

Defendant submitted another administrative request for compassionate release on February 15, 2022, and the BOP denied that request on March 9, 2022. (D.E. 178.) Defendant filed a renewed Motion for Compassionate Release in this Court on April 7, 2022, and the parties timely completed briefing. (D.E. 179, 181, 182.)[2] As more than 30 days have passed since Defendant filed his request with the BOP, his motion is ripe for review on the merits.

C.

In his renewed motion, Defendant (1) challenges his conviction and sentence and (2) contends that the risk of contracting COVID-19 at FCI Schuylkill gives him constant fear and anxiety. (*See* D.E. 179 at 6–20.) As an initial matter, this Court notes that the FSA "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019). Thus, to the extent that Defendant (1) alleges factual errors in his indictment, (2) argues that his sentence should reflect credit for time served in a related case, or (3) contends that his sentence should be adjusted because he was an adolescent when he committed the offense, (*see* D.E. 179 at 6–7, 9–15), such concerns should be raised in a habeas motion or 28 U.S.C. § 2255 motion, and not in a Motion for Compassionate Release. *See Handerhan*, 789 F. App'x at 926; *United States v. Webb*, Crim. No. 09-755, 2022 WL 206174, at *3 (E.D. Pa. Jan. 24, 2022) (citing cases).

With respect to Defendant's medical concerns, this Court is sympathetic, but it will not grant his request because he has not established that "compelling and extraordinary reasons" justify his release. *See Epstein*, 2020 WL 1808616, at *2. Defendant's alleged anxiety due to the risk of COVID-19 is not such a reason. *See United States v. Mata*, Crim. No. 15-153, 2020 WL 6580768, at *2 (D.N.J. Nov. 9, 2020) (denying compassionate release to defendant who suffered from anxiety, hypertension, and depression). Notably, the Centers for Disease Control and Prevention ("CDC") do not include anxiety on their list of medical conditions that "place a person at higher risk of severe illness from COVID-19." CDC, *People with Certain Medical Conditions* (last updated May 2, 2022), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/ people-with-medical-conditions.html*. Defendant's medical records also do not contain evidence of anxiety, and Defendant has provided no documentation to support his alleged condition. (*See* D.E. 179, 182; Govt. Ex. A.)[3]

Moreover, Defendant is fully vaccinated against COVID-19 as of April 20, 2021. (*See* Govt. Ex. A at 62.) Thus, there is an "extremely small" likelihood that he "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see also United States v. Battle*, No. 21-2151, 2021 WL 4550925, at *2 (3d Cir. Oct. 5, 2021) (finding that "extraordinary and compelling reasons" did not exist, despite defendant's health conditions, because defendant was fully vaccinated and his prison had a low infection rate). In fact, Defendant contracted COVID-19 in February 2021 and appears to have

---

[2] On April 24, 2022, the Federal Public Defender's Office informed this Court that it had opted not to file an appearance in this matter.

[3] The Government submitted Exhibit A, which contains Defendant's medical records, under separate cover to this Court in order to protect Defendant's privacy.

recovered without severe illness. (*See* Govt. Ex. A at 25–28.) Courts in this District have routinely denied compassionate release to inmates who recovered from COVID-19 without severe illness. *See United States v. Brown*, Crim. No. 18-77, 2021 WL 3486899, at *4 (D.N.J. Aug. 9, 2021) (citing cases); *see also United States v. Stewart*, Crim No. 08-346, 2021 WL 2134937, at *4 (D.N.J. May 25, 2021) (holding that an inmate who had recovered from COVID-19 and was subsequently vaccinated was not eligible for compassionate release).

Even if Defendant's medical concerns and other issues constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. As this Court stated in its prior Letter Opinion, Defendant's current 144-month sentence is substantially below the Sentencing Guidelines range of 360 months to life imprisonment for his offense. (*See* D.E. 141 at 4.) If this Court releases Defendant now, the Government contends that he will have served approximately 88 months in prison for racketeering acts that included heroin distribution and two attempted murders, including one shooting that occurred in front of a school and put the victim, who was struck at least four times, in a medically induced coma. (*See* D.E. 181 at 7.) Such a sentence would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense," regardless of Defendant's youth at the time of sentencing or any recent rehabilitation. 18 U.S.C. §§ 3553(a)(2)(A); (*see* D.E. 179 at 8–15, 20–22.) The reduction would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). This Court will therefore deny Defendant's motion for compassionate release.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties