<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAJOHN WILSON,<br><br>Defendant. | Criminal Action No. 13-787-4 (SDW)<br><br>**WHEREAS OPINION**<br><br>June 29, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Defendant Rajohn Wilson's ("Defendant") Motion to "reopen or reconsider" his 18 U.S.C. § 3582(c)(1)(A) motion ("Motion") (D.E. 216) and the Government's opposition to Defendant's Motion (D.E. 217); and

**WHEREAS** this Court construes Defendant's Motion as a motion for reconsideration of this Court's July 29, 2022 Letter Opinion ("Prior Opinion") and Order (D.E. 188, 189) denying his Renewed Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (D.E. 179);[1] and

**WHEREAS** this Court's reasons for denying Defendant's Renewed Motion for Compassionate Release are detailed in the Prior Opinion. (D.E. 188.) The Prior Opinion noted that a sentence reduction can only be granted if there are both "extraordinary and compelling reasons" for a reduction *and* this Court finds that a sentence reduction is warranted based on the

---

[1] This Court's judgment denying compassionate release for reasons stated in the Prior Opinion was affirmed by the Third Circuit on December 1, 2022. (*See* D.E. 209.) The present Motion is construed as a motion for reconsideration because the arguments contained therein challenge this Court's Prior Opinion, and because Defendant has not exhausted his administrative remedies as required to file a new motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594, 597 (2020). This Court also considered and denied an earlier motion for compassionate release in December 2020. (*See* D.E. 138–39, 141–42.)

applicable sentencing factors in 18 U.S.C. § 3553(a). (*Id*. at 1–2.) *See* 18 U.S.C. § 3582(c)(1)(A). This Court first explained why it did not find Defendant's reasons for seeking release extraordinary and compelling. (D.E. 188 at 3–4.) The Opinion then went a step further and considered whether—even if Defendant's health concerns and other reasons *were* extraordinary and compelling reasons for release—a sentence reduction would be warranted under the applicable sentencing factors in 18 U.S.C. § 3553(a). (*Id*. at 4.) This Court found that those factors weighed against a sentence reduction, and thus concluded that Defendant's sentence would remain intact. (*Id*.);[2] and

**WHEREAS** a party moving for reconsideration of an order of this Court must file his motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i); *see* L. Crim. R. 1.1 (stating that Local Civil Rule 7.1(i) applies in criminal cases as well). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). They are "not a vehicle for a litigant to raise new arguments." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

---

[2] In affirming, the Third Circuit found that this Court unquestionably "did not abuse its discretion in denying relief" based on its "reasonable consideration" of these factors. (*See* D.E. 209 at 2.)

**WHEREAS** Defendant's motion for reconsideration is untimely because it was filed on April 17, 2023—approximately eight months after the 14-day time for requesting reconsideration had expired. (D.E. 188, 216.) *See* L. Civ. R. 7.1(i). Notwithstanding, this Court has considered the Motion, and finds that Defendant has not identified any intervening change in the relevant law, new evidence that was unavailable at the time the Prior Opinion was issued, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Defendant seeks reconsideration based on proposed amendments to section 1B1.13 of the United States Sentencing Guidelines, and the related Application Notes to that section which describe the types of "extraordinary and compelling reasons" that might warrant a sentence reduction. *See* U.S.S.G. § 1B1.13; 18 U.S.C. § 3582(c)(1)(A) (stating that a sentence reduction must be consistent with policy statements issued by the Sentencing Commission). Defendant argues that these proposed amendments abrogated the Third Circuit's decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), and that several factors—his "unusually long sentence," his age at the time of the offenses, his "post-sentencing conduct and model prison conduct," which he does not describe, and the fact that he "bargained for . . . time served in a previous case"—together constitute an extraordinary and compelling reason for his release. (D.E. 216.) This Court is aware that amendments to § 1B1.13 have been proposed and submitted to Congress, and has considered those proposed amendments, but they do not abrogate *Andrews* since they are only proposed amendments that might take effect in November 2023.[3] Regardless, none of Defendant's arguments warrant reconsideration because they only concern whether there are extraordinary and compelling reasons for his release. This Court

---

[3] *See* U.S. SENT'G COMM'N, *Adopted Amendments (Effective November 1, 2023)*, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited June 22, 2023.) If enacted, these amendments would abrogate *Andrews* insofar as that case held that non-retroactive changes in law are not permissible considerations, but this Court did not rely on that part of the *Andrews* decision in its Prior Opinion. *See United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021). (*See* D.E. 188 at 2 n.1.)

determined in the Prior Opinion that Defendant's sentence should not be reduced, based on the applicable 18 U.S.C. § 3553(a) factors, even if there *were* extraordinary and compelling reasons for a sentence reduction, and Defendant's Motion presents nothing that was overlooked regarding those factors. (D.E. 188 at 4.)[4] *See* L. Civ. R. 7.1(i); *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (stating that a party's "mere disagreement with the earlier ruling" is insufficient to show clear error or manifest injustice). Therefore,

Defendant's Motion for Reconsideration will be **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[4] Verbatim, this Court stated that "[e]ven if Defendant's medical concerns and other issues constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release." (D.E. 188 at 4.) This Court expressly considered Defendant's "youth at the time of sentencing" and possible "recent rehabilitation" in denying a sentence reduction. (*Id.*)